## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LYE HUAT ONG                                :

     v.                                       :          CIVIL ACTION NO. JFM-06-720

RODERICK R. SOWERS                          :
     and
THE ATTORNEY GENERAL OF         : THE
STATE OF MARYLAND

                                    :
                            ..o0o..

### MEMORANDUM

This matter is before the court on petitioner Lye Huag Ong's  pro se application for a writ of habeas corpus under 28 U.S.C. §2254.  Petitioner challenges his conviction in the Circuit Court for Anne Arundel County for second and third degree sexual offenses, child abuse, and perverted practice.  Counsel for Roderick Sowers, Warden of the Roxbury Correctional Institution, and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred.  Petitioner has filed two pleadings opposing dismissal.  Papers Nos. 7 and 10.

Upon review of the pleadings, the court finds no need for an evidentiary hearing.  *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  The court finds the petition is time-barred under 28 U.S.C. §2244(d)(1) and will dismiss it by separate order.

### I.  Procedural History

On August 2, 2000, a jury sitting in the Circuit Court for Anne Arundel County found petitioner guilty of second and third degree sex offense, child abuse, and perverted practice.  The

Circuit Court imposed a thirty-year sentence of incarceration, to be served consecutively to any other sentences imposed.  Resp. Ex. 1 at 11 &  Ex. 2 at 9-11.   The Court of Special Appeals of Maryland affirmed the convictions by unreported opinion filed on December 12, 20001.  The Maryland Court of Appeals denied certiorari review by order dated May 8, 2002.  In an order dated July 18, 2002, the Court of Appeals denied petitioner's motion for reconsideration. Resp. Ex. 4.  Petitioner did not seek review before the Supreme Court of the United States.

On February 28, 2003, petitioner filed a 28 U.S.C. §2254 motion challenging his convictions.  On September 12, 2003, this court dismissed the motion without prejudice based on failure to exhaust state court remedies. *See Ong .v Sacchet*, et al., Civil Action No. JFM-03-0572 (D. Md.).[1]

On June 22, 2004, petitioner commenced post-conviction proceedings by the filing a petition for post-conviction in the Circuit Court for Anne Arundel County.  The post-conviction court conducted a hearing on the petition on February 25, 2005.  By order entered on March 16, 2005, the post-conviction court denied the petition for relief.  Resp. Ex. 1 at 15 & Ex. 2 at 14. On December 14, 2005, the Court of Special Appeals of Maryland summarily denied Petitioner's application for leave to appeal the denial of the petition.  The mandate issued on January 17, 2006.  Resp. Ex. 5.  Petitioner filed the instant petition for federal habeas corpus relief on March 10, 2006.[2]

---

[1]

Petitioner acknowledges that he was cautioned to be mindful of the one-year period of limitations applicable to 28 U.S.C. § 2254 petitions. Paper No. 6, ¶ 3 at 2.

[2]

The petition is dated March 10, 2006.  For the purposes of assessing the timeliness  under 28 U.S.C. 212244 (d) (1), the court will deem the petition delivered to prison authorities on the date signed.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the

## II.  Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for prisoners convicted in a state court. *See* 28 U.S.C. § 2244(d).[3]   Under the facts presented here, Petitioner's convictions became final for the purpose of starting the one-year period of limitations ninety days after the Court of Appeals of Maryland denied his motion for reconsideration on July 18, 2002.  *See* Sup. Ct. Rule 13.1 ("[a] petition for writ of certiorari seeking review of a judgment of a lower court that is subject to discretionary review by the state

---

"prison  mailbox" rule).

[3]

This section provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order

denying discretionary review."). This means that the convictions became final on October 16,

2002 (when the time for filing for certiorari review ended), and the one-year limitations period

started to run on October 17, 2002. The one-year limitations period ended on October 18, 2003,
because there were no properly filed post-conviction proceedings pending during this time.

When petitioner initiated post-conviction proceedings on June 22, 2004, approximately

twenty months later, the one-year limitations period had already expired. The instant petition,

deemed file on March 10, 2006, was submitted more than two years after the limitations period

had ended.

## III. Equitable Tolling

In order to be entitled to equitable tolling, petitioner must establish that either some

wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond

his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 ( 4th Cir. 2003); *Harris v.

Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for

those rare instances where . . . it would be unconscionable to enforce the limitation period

against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable

tolling must demonstrate that he has been diligently pursuing his rights and that some

extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See

Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

Petitioner makes no allegation that the government prevented him from asserting his

claims. [4]   Therefore, equitable tolling can be considered only if extraordinary circumstances

---

[4]

       Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if
it were to grant him a stay when his unexhausted claims are plainly meritless.

beyond his control prevented him from complying with the statutory time limit.  Petitioner's opposition reply suggests that he may not have understood how the date on which judgment becomes final and the one-year period of limitations commences are calculated under 28 U.S.C. §2244(d)(1).[5]  This, however, does not amount to extraordinary circumstances warranting equitable tolling.  *See  United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004); *see also Harris*, 209 F.3d at 330 (citing *Barrow v. New Orleans S.S. Ass'n*, 51 F.3d 254, 257 (Fed Cir. 1995) (refusing to apply equitable tolling where the delay in filing was result of plaintiff's unfamiliarity with the legal process)).

Petitioner also claims that the one-year limitations period applicable to §2254 motions is unconstitutional.  As petitioner himself acknowledges, case precedent is directly inapposite. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).[6]  Further, it is unclear to the court on what constitutional basis petitioner proffers that state prisoners are an "disadvantaged" group under the statute as compared to prisoners convicted of terrorism or facing the death penalty.  These arguments provide no basis for applying equitable tolling.

**Conclusion**

For these reasons, the petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

---

[6]

     *See also Lucidore v. N.Y.* State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000) ("[B]ecause AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not per se constitute an unconstitutional suspension ....") (citations omitted); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir.2000); *Davis v. Bumgarner*, 201 F.3d 435 (4[th]Cir.1999)(unpublished); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998); *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213, 1216-17 (11th Cir.2000).

Date: September 8, 2006          /s/_____
                                 J. Frederick Motz
                                 United States District Judge